# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH FRANK ANDRADE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-886-BAJ-SDJ** |
| **WAYNE T. STEWART, et al.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 3, 2021.

*/s/ Scott D. Johnson*
_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH FRANK ANDRADE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-886-BAJ-SDJ** |
| **WAYNE T. STEWART, et al.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (R. Doc. 8), filed by two of the Defendants—Wayne T. Stewart (Stewart), and his law firm, Hammond Sills Adkins & Guidice, LLP (Hammond Sills). Plaintiff brings claims under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415, among other federal and state laws, against these 2 Defendants and multiple public officials and entities. (R. Doc. 1).

Shortly after filing suit, Plaintiff moved the Court to obtain the "certified record of administrative proceedings from the due process hearing," on his behalf. (R. Doc. 3 at 2). The Court recently denied Plaintiff's Motion, explaining that Plaintiff had not cited to any law that might authorize the Court to obtain the record (R. Doc. 20). To date, Plaintiff has not filed into the record a complete certified copy of the administrative record.

In February of 2021, Stewart and Hammond Sills filed a Motion to Dismiss (R. Doc. 8) Plaintiff's claims against them—the one currently pending before the Court. In response, Plaintiff filed both an Opposition (R. Doc. 12) and an Amended Complaint (R. Doc. 13). Although Plaintiff's Amended Complaint (R. Doc. 13) is meant to cure the defects cited by Stewart and Hammond Sills in their Motion to Dismiss, it is not comprehensive.

Following Plaintiff's Amended Complaint, all the named Defendants, including Stewart and Hammond Sills, filed a single Motion to Dismiss (R. Doc. 15) in March of 2021. This second-filed Motion to Dismiss (R. Doc. 15) addresses both the allegations in the original Complaint (R. Doc. 1) and the Amended Complaint (R. Doc. 13). As part of the second Motion to Dismiss (R. Doc. 15), Stewart and Hammond Sills make clear that they now join in the second Motion (R. Doc. 15), and also incorporate by reference any additional arguments previously raised in their original Motion to Dismiss (R. Doc. 8).

With this litigation's procedural history in mind, the Court makes the recommendations outlined below.

First, to the extent the administrative record may aid in this Court's consideration of the second-filed Motion to Dismiss (R. Doc. 15), the Court **RECOMMENDS** that **Plaintiff** be ordered to **file** a "**certified record** of administrative proceedings from the due process hearing" within **45 days** of the district judge's resolution of this Report and Recommendation.

Second, because an amended complaint "[g]enerally . . . supersedes the original complaint" and becomes the operative pleading, *McAdams v. Receivable Recovery Services, LLC*, 2020 WL 1237011, at *1 (M.D. La. March 13, 2020), this Court's practice has been to require that any amended complaint be comprehensive. In other words, it should be complete in itself and make no reference to or adopt any portion of the prior complaint. Therefore, the Court **RECOMMENDS** that **Plaintiff** be ordered to **file** a **Motion to Substitute** his Amended Complaint (R. Doc. 13) with a **comprehensive** version within **14 days** of the district judge's resolution of this Report and Recommendation.

Finally, the Court **RECOMMENDS** that Stewart and Hammond Sills Motion to Dismiss (R. Doc. 8) be **DENIED as Moot**. Because Stewart and Hammond Sills incorporated the

arguments raised in their original Motion to Dismiss (R. Doc. 8) into the second-filed Motion to Dismiss (R. Doc. 15), those arguments will still be before the Court as it considers the second-filed Motion to Dismiss (R. Doc. 15).

Signed in Baton Rouge, Louisiana, on August 3, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**