# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JOSEPH FRANK ANDRADE**                                          **CIVIL ACTION**

**VERSUS**                                                                        **NO. 20-886-BAJ-SDJ**

**WAYNE T. STEWART, et al.**

---

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 5, 2022.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH FRANK ANDRADE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-886-BAJ-SDJ** |
| **WAYNE T. STEWART, et al.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a *Motion to Dismiss* (R. Doc. 15) filed by Wayne Stewart; Hammonds, Sills, Adkins & Guice, LLP; East Baton Rouge Parish School Board; Warren Drake; Elizabeth Taylor Chapman; Kashunda Lynn Williams; Mary Kay Sonnier; Janice Lindsey; and Dara Weidman ("Defendants"). Joseph Frank Andrade ("Plaintiff") opposes the motion (R. Doc. 18). Defendants have filed a *Reply* (R. Doc. 19).

## I.    Background

This case arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491. On March 9, 2011, Plaintiff filed a complaint with the Louisiana Department of Education ("LDOE"), alleging that East Baton Rouge Parish School Board ("EBRPSB") had violated various provisions of IDEA. In particular, the complaint alleges that EBRPSB failed to comply with legal mandates to properly evaluate the learning abilities of Plaintiff's minor son, J.A. Particularly, EBRPSB failed to properly evaluate and recognize J.A.'s autism so that appropriate services could be implemented. The complaint also alleges that EBRPSB withheld information from Plaintiff regarding J.A.'s behavior at school and the fact that J.A.'s Individual Education Plan ("IEP") was not being followed.

Attorney Wayne Stewart of the law firm Hammonds, Sills, Adkins & Guice, LLP ("Attorney Defendants"), filed a response with the LDOE on behalf of EBRPSB.  Plaintiff alleges that several of the statements made by Stewart on behalf of EBRPSB in the response to his complaint were "false" or "patently false."[1]  For example, Plaintiff contends the Attorney Defendants falsely represented to LDOE that he did not advise the school about his son's private psychological evaluation prior to December 17, 2019, but his son's special education teacher, May Kay Sonnier, participated in the evaluation and he submitted a copy to the school on August 7, 2019. Also, Plaintiff contends the Attorney Defendants falsified the number of his son's behavioral incidents, the fact he was notified of his son's behavioral problems, the fact he discontinued his son's seizure medication, his son's attendance records, the fact the school honored his request for an IEP meeting, and his level of participation in the development of IEPs.  Plaintiff claims that the Attorney Defendants' false representations had a material impact on LDOE's investigation into his complaint.[2]

A Due Process hearing was conducted on August 3, 4, and 5, 2020. Plaintiff contends Defendants Susan Stevens[3] and Kashunda Williams[4] falsified their testimony at the IDEA hearing. Plaintiff contends the Administrative Law Judge, Esther Redmann, erred in dismissing claims for violations that occurred prior to May 25, 2019, or hearing evidence prior to that date because Plaintiff did not know his son had autism until a private evaluation was conducted on June 14, 2019. He also contends that he was unaware of any violations until December 17, 2019, when Elizabeth Taylor Chapman advised him that the evaluation team that performed his son's

---

[1] R. Doc. 29, pp. 6-14.
[2] *Id.* at 14.
[3] Id at 18.
[4] *Id.* at 22-24.

evaluation did not include the appropriate specialist to perform testing or interpret the medical results, leading to two years of insufficient IEPs.[5]

Following the Due Process hearing, the administrative law judge issued a final decision, finding that Plaintiff failed to meet his burden of proving that EBRPSB had violated IDEA.[6] On December 28, 2020, Plaintiff, proceeding *pro se* individually and on behalf of his minor son, appealed the final hearing decision by filing a complaint in this Court pursuant to IDEA, 20 U.S.C. § 1415(i). According to the complaint, Plaintiff raises the same issues presented during the IDEA hearing against EBRPSB. The complaint further asserts new claims against the Defendants for deprivation of civil rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) regarding their conduct in responding to the IDEA complaint and during the IDEA hearing. Plaintiff also alleges state law claims for intentional infliction of emotional distress, nonfeasance, negligent misrepresentation, and fraudulent misrepresentation.[7] Defendants now move for dismissal under Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiff has not alleged a justiciable claim against them. Plaintiff has responded and is opposed to dismissal.

## I.    Standard of Review

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted."[8] Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[9] Although "the pleading standard Rule 8 announces

---

[5] R. Doc. 29, pp. 15-16.
[6] R. Doc. 29-1, pp. 217-243.
[7] The Court interprets Plaintiff's "intrinsic fraud" claim as a tort claim for fraud under Louisiana law.
[8] Fed. R. Civ. P. 12(b)(6).
[9] Fed. R. Civ. P. 8(a)(2).

does not require 'detailed factual allegations,' "it demands more than 'labels and conclusions.'"[10] "'[A] formulaic recitation of the elements of a cause of action will not do.'"[11]

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[12] To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'"[13]

## II.    Law and Analysis

### A.  Plaintiff's Claims Against Defendants Other Than EBRPSB Under IDEA

Plaintiff's *Comprehensive Amended Complaint for Damages* names the following Defendants in their individual and official capacities: Wayne Stewart, Warren Drake, Elizabeth Taylor Chapman, Dr. Kashunda Lynn Williams, Susan Stevens, Mary Kay Sonnier, Dara Weidman, and Janice Lindsey.[14] The suit also names the law firm of Hammond, Sills, Adkins & Guice, LLP. The IDEA does not provide a cause of action against a school employee sued in their individual capacity.[15] The plain meaning of the procedural safeguards section of IDEA states that IDEA applies to agencies, not individuals.[16] Further, courts have explicitly recognized that claims arising under IDEA are meant to prohibit discrimination by *public agencies*, not persons acting in

---

[10] *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

[11] *Id.*

[12] *In re Katrina Canal Breeches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).

[13] *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly,* 550 U.S. at 558).

[14] R. Doc. 29, pp. 4-5.

[15] *Garcia v. State Univ. of N.Y. Health Scis. Ctr.,* 280 F.3d 98, 107 (2d Cir. 2001); *see also Bradley v. Arkansas Dep't of Education*, 301 F.3d 952, 957, n.5 (8th Cir. 2002); *Hooker v. Dallas Indep. Sch. Dist.,* 2011 WL 1592300 (N.D. Tex. Mar. 31, 2011); *A.A. v. Houston Indep. Sch. Dist.*, 2011 WL 181356 (S.D. Tex. Jan. 19, 2011).

[16] 20 U.S.C. § 1415(a).

their individual capacities.[17] Furthermore, official-capacity IDEA claims must also be dismissed because they are duplicative of the Plaintiff's claims against EBRPSB.[18] Accordingly, Plaintiff's complaint fails to state a claim under the IDEA, both in individual and official capacity, against: Wayne Stewart, Warren Drake, Elizabeth Taylor Chapman, Dr. Kashunda Lynn Williams, Susan Stevens, Mary Kay Sonnier, Dara Weidman, Janice Lindsey, and Hammond, Sills, Adkins & Guice, LLP.

### B. Plaintiff's Claims Against EBRPSB Under IDEA

The Court notes that Defendants' motion seeks dismissal of Plaintiff's entire complaint, but Defendants provide no legal argument as to why the Plaintiff fails to state a claim under the IDEA against EBRPSB. The IDEA authorizes a party aggrieved by an administrative due process hearing to bring a civil action in federal court.[19] Plaintiff alleges he was aggrieved by the findings of the administrative law judge and is seeking review with this Court under the applicable provisions of the IDEA. Accordingly, Plaintiff's complaint states a claim against EBRPSB under the IDEA, and the claim should not be dismissed.

### C. Plaintiff's Claims Against Defendants Under § 1983 and § 1985

### 1. The Comprehensive Scheme of the IDEA Precludes Liability Under § 1983

Section 1983 provides a cause of action when a person has been deprived of federal rights under color of state law.[20] To state a § 1983 cause of action, a plaintiff must allege a violation of

---

[17] *See D.A. v. Houston Independent School Dist.*, 716 F. Supp. 2d 603, 611 (S.D. Tex. 2009) ("It is well-established that these statutes are meant to prevent discrimination by public agencies, not officials acting in their individual capacities.") (citing *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999).

[18] *Kentucky. v. Graham*, 473 U.S. 159, 166 (U.S. 1985) (citations omitted); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, n. 55 (U.S. 1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000); *Drabek v. Larson*, 7 F.3d 229 (5th Cir. 1993).

[19] *See* 20 U.S.C. § 1415(i)(2)(A) ("Any party aggrieved by the findings and decision made ... shall have the right to bring a civil action).

[20] *Doe v. Dall. Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir.1998).

rights secured by the Constitution or by federal laws.[21] However, where a statutory regime already provides a comprehensive set of remedies for its enforcement, there is a presumption against the availability of the more general remedial measures of § 1983.[22] In *Smith v. Robinson,*[23] the Supreme Court held that the IDEA contained a comprehensive enforcement scheme through which disabled children could assert violations of their rights and that IDEA claims cannot be pursued through § 1983.[24] Congress amended the statute to state: "[N]othing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under ... other Federal statutes protecting the rights of handicapped children and youth."[25] The Fifth Circuit, in *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*[26] held,

> [t]he comprehensive enforcement scheme established for IDEA violations justifies the presumption that it is meant to be exclusive absent congressional intent to create additional remedies. Nothing in § 1415(*l*) indicates an intent to facilitate the expansive remedies under § 1983 in addition to IDEA's carefully calibrated mechanism to prevent or remedy violations.[27]

Plaintiff is alleging the Defendants' actions deprived him and his son of fair process involving activities covered by the IDEA. Thus, Plaintiff is not asserting a violation of any rights separate and apart from the comprehensive scheme of the IDEA and he cannot assert a claim under

---

[21] *Id.*
[22] *See Lollar v. Baker,* 196 F.3d 603, 609 (5th Cir.1999).
[23] 468 U.S. 992 (1984).
[24] *Id.* at 1004–05, 1013.
[25] 20 U.S.C. § 1415(*l*).
[26] 629 F.3d 450 (5th Cir. 2010).
[27] *Id.* at 456.

§ 1983.[28] Accordingly, dismissal of Plaintiff's § 1983 claims against all Defendants is recommended.[29]

## 2. Plaintiff fails to state a § 1983 claim against the Attorney Defendants

Additionally, Plaintiff has failed to state a § 1983 claim against the Attorney Defendants. In the scenario where an attorney is advocating for a client, even "[i]f a judge reaches a decision based on misinformation that counsel provides, the issuance of the decision does not imply that counsel acted under color of state law."[30] In *Vinluan on behalf of D.V. v. Ardsley Union Free Sch. Dist.*,[31] the plaintiff asserted similar allegations against the school district's attorneys and law firm in an IDEA case. The plaintiff alleged the school district's attorney violated the plaintiff's due process rights and conspired against the plaintiff through, *inter alia*, fraud and distortion of evidence and the law firm was liable through a theory of *respondeat superior*.[32] The Southern District of New York dismissed the claims, finding that the school district's attorney cannot be held liable under § 1983 as a state actor. The law firm was also dismissed because its liability was premised on the attorney's behavior. *Respondeat superior* does not apply to § 1983 claims.[33] Here, Plaintiff makes no allegations against Hammonds, Sills, Adkins & Guice, LLP, other than its

---

[28] The Fifth Circuit opinion in *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist*, 629 F.3d 450 (5th Cir. 2010) did not address 42 U.S.C. § 1985. However, it appears the same reasoning would justify dismissal of Plaintiff's § 1985 claims against all Defendants.

[29] To the extent Plaintiff objects to the grounds for dismissal noted herein, the Court possesses the inherent authority to *sua sponte* dismiss a party or expand upon the grounds for dismissal urged by the movants as long as the adverse parties receive notice and a chance to respond. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 ; *see also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (unpubl.) (district court *sua sponte* dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer). This Report and Recommendation provides adequate notice to Plaintiff. *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties).

[30] *Glotfelty v. Karas*, 512 F. App'x 409, 414 (5th Cir. 2013), *citing Richard v. Hoechst Celanese Chem. Grp., Inc.,* 355 F.3d 345, 353 (5th Cir. 2003).

[31] 2021 WL 3193128 (S.D.N.Y. July 27, 2021).

[32] *Id.* at *8.

[33] *Id.* See also, *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (§ 1983 will not support a claim based on a *respondeat superior* theory of liability).

employment of attorney, Wayne Stewart. For this additional reason, the Court recommends dismissal of the § 1983 claims against the Attorney Defendants.[34]

### 3. Plaintiff fails to State a Claim under § 1985

Section 42 U.S.C. § 1985(3) provides a civil cause of action to prevent conspiracies to deprive people of "equal protection of the laws." To state a valid claim under § 1985(3), a plaintiff must allege that: (1) there was a conspiracy; (2) the conspiracy was made to deprive a person of equal protection of the laws; (3) there was an act under the conspiracy; (4) the act caused injury to a person, property, or deprivation of a right; and (5) a race-or class-based discriminatory animus underlay the conspiracy.[35] While class-based animus is theoretically allowed, the Supreme Court has only ever found racial animus appropriate for a § 1985(3) claim.[36] Plaintiff alleges that all Defendants who participated his first due process hearing violated his constitutionally protected right to due process…and are "part and privy to violations under 42 U.S. Code § 1985."[37]

Plaintiff alleges the Defendants conspired to deprive him and his son of a fair due process hearing under the IDEA. However, the complaint fails to identify any racial or class-based animus for a successful § 1985(3) claim.[38] For this reason, Plaintiff's § 1985 claims against all Defendants should be dismissed.[39]

---

[34] Because the Court finds the § 1983 claims against the Attorney Defendants should be dismissed for other reasons, we decline to address the argument for *Noerr-Pennington* immunity.

[35] *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001); *Newberry v. E. Texas State Univ.*, 161 F.3d 276, 281 n.2 (5th Cir. 1998).

[36] *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019); *Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 n.25 (5th Cir. 1994). *See also*, *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825(1983) (overturning the Fifth Circuit's holding that nonunion workers are a protected class, and noting § 1985(3)'s legislative history most clearly supports protecting those injured by racial animus, but not foreclosing all non-racial classes).

[37] R. Doc. 29, pp. 33-34.

[38] *See Griffin*, 403 U.S. at 102 (holding that a § 1985(3) conspiracy necessitates race- or class-based discriminatory animus).

[39] The Court declines to address the Defendants' additional arguments for dismissal of the Plaintiffs' § 1985 claims, as the failure to allege race or class-based animus is fatal, in and of itself.

### D. Plaintiff's State Law Claims Against Defendants

#### (i)    Statutory Immunity for School Board Employees

Plaintiff alleges the following Defendants were employed by EBRPSB and acting in the course and scope of their employment: Warren Drake, Elizabeth Taylor Chapman, Susan Stevens, Mary Kay Sonnier, Janice Lindsey, and Dara Weidman.[40] Louisiana statutory law provides immunity for school employees from the tort claims Plaintiff asserts against these Defendants:

> Except as otherwise provided in this Section, no person shall have a cause of action against any school employee based on any statement made or action taken by the school employee provided that the action or statement was within the course and scope of the school employee's duties as defined by the school board in which the school employee is employed and was within the specific guidelines for school employee behavior as established by that school board.

La. Stat. Ann. § 17:439 (in pertinent part). The Plaintiff's allegations against the school board employees do not fall outside the scope of the immunity defined in this statute. Accordingly, Plaintiff's Louisiana tort claims should be dismissed against the school board employees.[41]

#### (ii)    Intentional Infliction of Emotional Distress

In Louisiana, intentional infliction of emotional distress constitutes: "(1) extreme and outrageous conduct by the defendant; (2) severe emotional distress suffered by the plaintiff; and (3) the intent by the defendant to inflict severe emotional distress or the knowledge that severe emotional distress was certain or substantially certain to result from the defendant's conduct."[42] All three elements are required for a viable intentional infliction of emotional distress claim.[43]

---

[40] R. Doc. 29, ¶ 3.

[41] While not argued by Defendants, the school board employees are also statutorily immune pursuant to La. Stat. Ann. § 17:1946 C. (1) "No person, who is an employee of a public school system, or his employer, who in good faith renders school health services and medical services to students with exceptionalities which are required by state or federal law, shall be liable for any civil damages as a result of any act or omission in rendering the care or services required."

[42] *Gressett v. Southwest Airlines Co.*, 216 F. Supp. 3d 743, 748 (E.D. La. 2016) (citing *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991)).

[43] *Id.*

"Louisiana's 'jurisprudence has limited the cause of action in the workplace setting to cases which involve a pattern of deliberate, repeated harassment over a period of time.'"[44] "Conduct which is merely tortuous or illegal does not rise to the level of being extreme and outrageous."[45] Indeed, "courts require truly outrageous conduct before allowing a claim for intentional infliction of emotional distress even to be presented to a jury."[46] And, importantly, "[l]iability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."[47] Instead, conduct giving rise to liability "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[48]

Plaintiff alleges the Attorney Defendants intentionally inflicted emotional distress, reciting the legal definition and alleging, "Mr. Stewart abused his position as an officer of the court to the detriment of Andrade and J.A. This makes Mr. Stewart's already extreme and outrageous conduct more egregious by virtue of his status as an attorney and former school psychologist and his actions utterly intolerable in a civilized community."[49] Accepting all the allegations of the complaint as true, and in the light most favorable to the Plaintiff, the Court concludes that the Plaintiff failed to plausibly plead that Defendants' conduct met the high standard required to establish extreme or outrageous conduct under Louisiana law.[50]

---

[44] *Dupart v. Savage Servs. Corp.*, No. 19-203, 2019 WL 718734, at *3 (E.D. La. Feb. 20, 2019) (citing *Nicholas v. Allstate Ins. Co.*, 99-2522, p. 14 (La. 8/31/00), 765 So. 2d 1017, 1026).

[45] *Nicholas*, 765 So. 2d at 1025.

[46] *Id.* at 1024–25.

[47] *White*, 585 So. 2d at 1209.

[48] *Id.*

[49] R. Doc. 29, ¶ 39(u).

[50] *See, Mahfouz v. Davenport*, 2014-358 (La. App. 3 Cir. 10/1/14), 149 So. 3d 845 (allegations that attorney knew representations to tribunal were false are insufficient to constitute specific malice necessary for intentional infliction of emotional distress claim). Plaintiff does not appear to allege that the other Defendants intentionally inflicted emotional distress. A review of the allegations against these Defendants reveals that these allegations also do no rise to the high standard necessary to establish extreme or outrageous conduct.

### (iii)  Nonfeasance

We have found no jurisprudence addressing a "nonfeasance" or "malfeasance" tort since the formulation of Louisiana's modern tort theory under the duty-risk analysis. Malfeasance has generally been defined as "the doing of an act which is wholly wrongful or unlawful and which a person ought not to do at all."[51] In another early case, malfeasance was said to be the unjust performance of some act which the party had no right, or which he had contracted not, to do.[52] A threshold issue in any negligence action under the duty-risk analysis is whether the defendant owed the plaintiff a duty.[53] In Louisiana, an attorney does not owe a legal duty to his client's opposing party when acting on behalf of his client. A non-client, therefore, cannot hold the attorney of his opponent personally liable for malpractice or negligent breach of a professional obligation. The policy behind this rule is not to reduce a lawyer's responsibility for his actions but is to prevent a chilling effect on the adversarial process of representing one's client and to prevent a division of the loyalty an attorney owes the client.[54] Accordingly, Plaintiff fails to state a claim against the Attorney Defendants for "nonfeasance" or negligent misrepresentation.[55]

---

[51] *Ellett v. Newland,* 171 La. 1019, 132 So. 761 (1931).

[52] *State ex rel. Jones v. Doucet,* 203 La. 743, 14 So.2d 622 (1943).

[53] *Posecai v. Wal–Mart Stores, Inc.,* 99–1222 (La.11/30/99), 752 So.2d 762. Whether a duty is owed is a question of law. *Peterson v. Gibraltar Sav. & Loan,* 98–1601, 98–1609, (La.5/18/99), 733 So.2d 1198, 1204; *Mundy v. Dep't of Health & Human Resources,* 620 So.2d 811, 813 (La.1993); *Faucheaux v. Terrebonne Consol. Gov't,* 615 So.2d 289, 292 (La.1993).

[54] *Arledge v. Hendricks,* 30,588 (La. App. 2 Cir. 6/26/98), 715 So. 2d 135, 139.

[55] The complaint fails to state a claim against the Attorney Defendants for fraudulent misrepresentation for the same reasons it fails to state a claim for intentional infliction of emotional distress. See, *Castle v. Castle,* 2013-271 (La. App. 3 Cir. 10/9/13), 123 So. 3d 1267, 1271 (For a petition to state a cause of action against an opponent's attorney for an intentional tort, the petition must allege facts showing, on the part of the attorney, specific malice or an intent to cause direct harm). To the extent Defendant, Kashunda Lynn Williams, is not immune from liability for the tort of "nonfeasance," Plaintiff has failed to state a claim because agents are not liable to third persons for acts of nonfeasance or omissions of duty. See, *First Fed. Sav. & Loan Ass'n of Winnfield v. Cont'l Equity Life Ins. Co.,* 124 So. 2d 802, 803 (La. Ct. App. 1960).

### (iv)    Negligent/Fraudulent Misrepresentation

In order for a plaintiff to recover for negligent misrepresentation, there must be a legal duty on the part of the defendant to supply correct information, a breach of that duty, and damage to plaintiff caused by the breach.[56] Louisiana statutes implementing the IDEA impose a duty on the school board to supply accurate and correct information to the parent and the tribunal. For example, the statutes toll the prescriptive period if the school board mispresented or withheld information from the parent:

> La. Stat. Ann. § 17:1946
> (2) The one-year timeline does not apply to a parent if the parent was prevented from filing the due process hearing request **due to either specific misrepresentations by the local education agency** that it had resolved the problem forming the basis of the due process hearing request or **the local education agency's withholding of information** from the parent that was required to be provided by this Chapter and the Individuals with Disabilities Education Improvement Act of 2004.[57]
>
> 28 La. Admin. Code Pt XLIII,  511
> G. Exceptions to the Timeline. The timeline described in Subsection F of this Section does not apply to a parent if the parent was prevented from filing a request for due process hearing due to:
>
> 1. **specific misrepresentations by the LEA** that it had resolved the problem forming the basis of the request for due process hearing; or
> 2. **the LEA's withholding of information** from the parent that was required under these regulations to be provided to the parent.[58]

The statutes laying out the respective rights and responsibilities of the parties to the Due Process hearings are clear that the goal is to ascertain the truth through a predetermined trial process involving sworn testimony.[59] Based on the language of the IDEA and Louisiana's administrative statutes implementing its goal, EBRPSB had a duty to Plaintiff to supply accurate information.

---

[56] *Merlin v. Fusilier Constr. Inc.,* 2000–1862, p. 10 (La. App. 5th Cir.5/30/01), 789 So.2d 710, 717; *Duplechin,* 95–0480 at p. 6, 665 So.2d at 84.
[57] (emphasis added).
[58] (emphasis added).
[59] 28 La. Admin. Code Pt XLIII,  511 *et seq.*

Plaintiff alleges EBRPSB's misrepresentations had a material impact on the unfavorable outcome of the hearing. Accordingly, Plaintiff has stated a claim for negligent misrepresentation against EBRPSB.[60]

Defendants further contend that Plaintiff's claim has prescribed on the face of his complaint.[61] However, Plaintiff alleges in his *Comprehensive Amended Complaint for Damages* that EBRPSB withheld, concealed, and misrepresented critical information going back to November 15, 2017, which prevented him from asserted his rights.[62] Accordingly, questions of fact remain as to whether the doctrine of *contra non valentem*[63] applies to some or all of Plaintiff's negligent misrepresentation allegations.

In order to prove a claim of "fraudulent misrepresentation," the plaintiff must show: (1) a misrepresentation of material fact, (2) made with the intent to deceive, and (3) causing justifiable reliance with resulting injury.[64] Plaintiff alleges that certain defendants gave incorrect or inconsistent testimony at the Due Process hearing.[65] Plaintiff labels these acts as "fraud," but there are no specific allegations that the testimony was intentionally deceptive. Accordingly, Plaintiff fails to state a claim for fraudulent misrepresentation and this claim should be dismissed.

## III.    Conclusion

The Court makes the recommendations outlined below.

---

[60] To the extent Defendant, Kashunda Williams, is not statutorily immune, Plaintiff has failed to state against her for negligent misrepresentation. While the Court finds the statutory scheme under the IDEA creates a duty for the EBRPSB, we find no such existence of an individual duty.
[61] R. Doc. 15-1, p. 20.
[62] [62] R. Doc. 29, ¶¶18, 39(r).
[63] *Contra non valentem non currit praescriptio* means that prescription does not run against a person who could not bring his suit. *Wells v. Zadeck,* 2011-1232 (La. 3/30/12), 89 So. 3d 1145, 1150.
[64] *Systems Eng'g and Sec., Inc. v. Science & Eng'g Ass'ns, Inc.,* 06–0974, p. 3 (La.App. 4 Cir. 6/20/07), 962 So.2d 1089, 1091.; *Wilson v. Davis,* 2007-1929 (La. App. 1 Cir. 5/28/08), 991 So. 2d 1052, 1061.
[65] R. Doc. 29, ¶ 20, 23, 26, 28.

The Court **RECOMMENDS** that Defendants' *Motion to Dismiss* Plaintiff's claims, both individually, and on behalf of his minor son under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491 be **DENIED** as to Defendant: **East Baton Rouge Parish School Board**.

The Court **RECOMMENDS** that Defendants' *Motion to Dismiss* Plaintiff's claims, both individually and on behalf of his minor son, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491 be **GRANTED** as to all other Defendants: **Wayne T. Stewart; Hammonds, Sills & Guice, LLP; Warren Drake; Elizabeth Taylor Chapman; Dr. Kashunda Lynn Williams; Susan Stevens; Mary Kay Sonnier; Dara Weidman;** and **Janice Lindsey**.

The Court **RECOMMENDS** that Defendants' *Motion to Dismiss* Plaintiff's claims, both individually, and on behalf of his minor son under 42 U.S.C. § 1983 be **GRANTED** as to all Defendants: **East Baton Rouge Parish School Board**; **Wayne T. Stewart; Hammonds, Sills & Guice, LLP; Warren Drake; Elizabeth Taylor Chapman; Dr. Kashunda Lynn Williams; Susan Stevens; Mary Kay Sonnier; Dara Weidman;** and **Janice Lindsey**.

The Court **RECOMMENDS** that Defendants' *Motion to Dismiss* Plaintiff's claims, both individually, and on behalf of his minor son under 42 U.S.C. § 1985 be **GRANTED** as to all Defendants: **East Baton Rouge Parish School Board**; **Wayne T. Stewart; Hammonds, Sills & Guice, LLP; Warren Drake; Elizabeth Taylor Chapman; Dr. Kashunda Lynn Williams; Susan Stevens; Mary Kay Sonnier; Dara Weidman;** and **Janice Lindsey**.

The Court **RECOMMENDS** that Defendants' *Motion to Dismiss* Plaintiff's claims, both individually, and on behalf of his minor son under Louisiana tort law for intentional infliction of emotional distress, fraudulent misrepresentation, and nonfeasance be **GRANTED** as to all Defendants: **East Baton Rouge Parish School Board**; **Wayne T. Stewart; Hammonds, Sills &**

**Guice, LLP; Warren Drake; Elizabeth Taylor Chapman; Dr. Kashunda Lynn Williams; Susan Stevens; Mary Kay Sonnier; Dara Weidman;** and **Janice Lindsey**.

The Court **RECOMMENDS** that Defendants' *Motion to Dismiss* Plaintiff's claims, both individually, and on behalf of his minor son under Louisiana tort law for negligent misrepresentation, be **GRANTED** as to Defendants: **Wayne T. Stewart; Hammonds, Sills & Guice, LLP; Warren Drake; Elizabeth Taylor Chapman; Dr. Kashunda Lynn Williams; Susan Stevens; Mary Kay Sonnier; Dara Weidman;** and **Janice Lindsey**.

The Court **RECOMMENDS** that Defendants' *Motion to Dismiss* Plaintiff's claims, both individually, and on behalf of his minor son under Louisiana tort law for negligent misrepresentation, be **DENIED** as to Defendant: **East Baton Rouge Parish School Board**.

Signed in Baton Rouge, Louisiana, on January 5, 2022.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

16