UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH FRANK ANDRADE, INDIVIDUALLY AND ON BEHALF OF HIS MINOR SON, J.A.** | CIVIL ACTION |
| VERSUS | |
| **WAYNE T. STEWART, ET AL.** | NO. 20-00886-BAJ-SDJ |

## RULING AND ORDER

Before the Court is Plaintiff's **Motion For Default Judgment**, originally filed *pro se*, against Defendant East Baton Rouge Parish School Board ("the School Board"). (Doc. 57). For reasons to follow, Plaintiff's Motion will be denied.

**I.    BACKGROUND**

The relevant procedural background is as follows: All Defendants, including East Baton Rouge Parish School Board, filed a Motion to Dismiss Plaintiff's Complaint and First Amended Complaint on March 4, 2021. (Doc. 15). On January 5, 2022, the Magistrate Judge issued a Report and Recommendations ("R&R") granting in part and denying in part Defendants' Motion to Dismiss. (Doc. 43). The Court subsequently adopted the R&R. (Doc. 45).

Plaintiff then filed a Motion for Reconsideration of the Court's ruling that adopted the R&R. (Doc. 46). On March 29, 2022, the Court denied Plaintiff's Motion for Reconsideration. (Doc. 47).

On the same date, in a separate Order, the Court also denied Plaintiff's prior

occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the Clerk when the default is shown "by affidavit or otherwise." *See id.* Third, a party may apply for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, the Court applies a two-part analysis to determine whether a final default judgment should be entered. First, the Court considers whether the entry of default judgment is appropriate based on the factors set forth in *Lindsey*, 161 F.3d at 893. Second, the Court assesses the merits of the action to determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Reyes v. VH Acoustic Ceilings, LLC*, No. 18-cv-00790, 2020 WL 504659, at *2 (M.D. La. Jan. 31, 2020) (Jackson, J.).

### B. Discussion

Here, the Court easily determines that Plaintiff's Motion must be denied. Plaintiff must satisfy all three steps, in order, before a default judgment will be entered. *See New York Life Ins. Co.*, 84 F.3d at 141. While Plaintiff moved for default judgment, he did so prior to obtaining an entry of default from the Clerk. Further, the entry of default was (correctly) denied because the School Board filed an Answer to the Amended Complaint. (Doc. 56).

The analysis ends based upon Plaintiff's failure to satisfy the three-step process. The Court need not engage in an analysis of the *Lindsey* factors nor assess

the merits of the action.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion For Default Judgment (Doc. 57)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 11th day of January, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

4